IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shashawn Williams,

    Petitioner,

v.

Warden, Mansfield Correctional
Institution,

    Respondent.

Case No. 2:13–cv–113

Judge Michael H. Watson
Magistrate Judge Preston Deavers

## OPINION AND ORDER

On April 7, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. This matter now is before the Court on Petitioner's *Objections* to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's *Objections,* Doc. No. 14, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This case is hereby **DISMISSED**.

As Petitioner's sole claim for federal habeas corpus relief, he asserts that there is constitutionally insufficient evidence to sustain his convictions on aggravated robbery and receiving stolen property related to the robbery of Pizza Hut (counts six through fourteen and sixteen of the Indictment) and that these convictions are against the manifest weight of the evidence. The Magistrate Judge recommended that Petitioner's claim that his convictions are against the manifest weight of the evidence fails to provide an issue appropriate for federal habeas

corpus relief. The Magistrate further recommended that Petitioner's claim regarding insufficiency of the evidence be dismissed on the merits under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of insufficiency of the evidence. He argues that testimony indicates that he was at a strip club during the time of the Pizza Hut robbery. ECF# 949. He argues, as he did previously, that evidence shows he had nothing to do with the robbery or planning of the robbery of Pizza Hut, never consented to the use of his car during the robbery, and never supplied firearms for this crime. Petitioner argues that the evidence is constitutionally insufficient because he gave co-defendants the firearms earlier – and not immediately prior to the Pizza Hut robbery. *See* ECF #952-53. Additionally, Petitioner argues that evidence shows he never obtained the stolen credit cards involved in this robbery, as police arrested his co-defendant before he could give the stolen cards to Petitioner. PageID# 954.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Court does not find Petitioner's arguments to be persuasive. Under *Jackson v. Virginia*, a reviewing Court must construe all of the evidence in the light most favorable to the prosecution when considering a claim of insufficiency of the evidence. As noted by the state appellate court, Petitioner was charged under a complicity theory because it is alleged that he aided and abetted co-defendants in the commission of the crimes. Upon review of the entire record, and for the reasons already detailed by the state appellate court and in the Magistrate Judge's *Report*

*and Recommendation,* this Court cannot conclude that Petitioner's claim warrants federal habeas corpus relief.

Petitioner also requests a certificate of appealability. PageID# 959. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484. To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether. . . the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " *Id*. (citing *Barefoot,* 463 U.S ., at 893, and n.4). The Court is not persuaded that Petitioner has met this standard here, particularly in view of the deference afforded the findings of the state appellate court. 28 U.S.C. § 2254(d), (e). Petitioner's request for a certificate of appealability (see Doc. No. 14) therefore is **DENIED**.

Petitioner's *Objections,* Doc. No. 14, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This case is hereby **DISMISSED**. Petitioner's request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT